UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv230-FDW

| RICHARD H. CANNON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| MIKE SLAGLE, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Richard H. Cannon's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

Petitioner is a prisoner of the State of North Carolina. On June 29, 2016, he signed and placed the instant § 2254 petition in the prison's mail system. (Pet. 14, Doc. No. 1.) It was received and docketed in this Court on July 5, 2016. On that same day, the Clerk of Court mailed Petitioner a notice of deficiency alerting him that he was required to pay a $5.00 filing fee or file an application to proceed without prepayment of fees and affidavit of indigency. Petitioner was provided twenty-one (21) days to pay the $5.00 filing fee or file an application to proceed without prepayment of fees and affidavit of indigency. As of the filing of this Order, Petitioner has done neither.

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. To establish an inability to pay, the petitioner must provide the court with an affidavit of indigency and "a certified copy of the trust fund

account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Petitioner has had more than sufficient time to comply with 28 U.S.C. § 1915(a)(2), but has failed to do so. Therefore, the Court will dismiss the habeas petition without prejudice to Petitioner's ability to refile it, along with the $5.00 filing fee or an application to proceed without prepayment of fees and affidavit.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 7, 2016

Frank D. Whitney
Chief United States District Judge