UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-230-FDW

| | |
|---|---|
| RICHARD H. CANNON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MIKE SLAGLE, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Richard H. Cannon's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Respondent's Motion for Summary Judgment. (Doc. No. 9.)

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina. In this federal habeas action, he challenges his May 31, 2016 prison disciplinary conviction, and corresponding loss of 40-days good-time credits, for failing a drug test, an A12 offense. The Chief Disciplinary Appeal Officer upheld the disciplinary action (Disciplinary Verdict Appeal/Review 1, Doc. No. 10-3),[1] and Petitioner does not assert that he has filed for further relief within the prison system or in the state courts.

Petitioner filed the instant federal habeas Petition on June 29, 2016, when he signed and placed it in the prison mail system. (Pet. 14, Doc. No. 1.) Petitioner claims that his due process

---

[1] This document was supposed to have been filed as part of Respondent's Exhibit 1 (Petitioner's Disciplinary Appeal Package). The cover sheets for Respondent's Exhibits 1 and 2 (Prison Disciplinary Policy and Procedure) were transposed, however, so Petitioner's Disciplinary Appeals Package was docketed under the cover sheet for Exhibit 2. Prison Disciplinary Policy and Procedure was docketed under the cover sheet for Exhibit 1.

1

rights were violated at his prison disciplinary hearing because: 1) he was not confronted with evidence to support his infraction; 2) no evidence supported his finding of guilt because no illegal substance was detected in his blood; 3) he was denied the right to present evidence at the hearing; and 4) the disciplinary hearing officer ("DHO") was not fair and impartial because he found Petitioner guilty solely because he was charged and prevented him from saying anything at the hearing. (Pet. 5.)

Respondent filed an Answer and Motion for Summary Judgment. (Doc. Nos. 8, 9.) In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court notified Petitioner of his right to respond to the Motion for Summary Judgment and warned Petitioner that failure to respond could result in the Court granting Respondent's Motion without further notice. (Doc. No. 11.) The Court's <u>Roseboro</u> Order was entered on November 29, 2016, and a copy was sent to Petitioner the same day. He had up to and including December 29, 2016, to respond to the Motion for Summary Judgment. As of the entrance of this Order, Petitioner has not responded to the Motion, and the Court finds that he has had more than adequate time to do so. Therefore, this matter is ripe for review.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); <u>United States v. Lee</u>, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is

appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

## III. DISCUSSION

When a state prisoner challenges the length or duration of his confinement by alleging that certain good time credits were cancelled or denied pursuant to an unconstitutional process, and then seeks the restoration of those credits by way of a federal habeas petition, he must first exhaust his state remedies. See Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983). In order to exhaust his State remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claims." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted).

Respondent contends that Petitioner has not exhausted the remedies available to him in the State courts because he has not sought review of his due process claims by way of a Motion for Appropriate Relief filed in the appropriate state superior court. (Answer ¶ 2, Doc. No. 8; Supp. Br. 4-5, Doc. No. 10.) Respondent expressly declines to waive the exhaustion requirement. However, recognizing this Court's power to deny Petitioner's claims on the merits notwithstanding non-exhaustion, see 28 U.S.C. § 2254(b)(2), Respondent urges the Court to exercise that power here to conserve scarce state and federal judicial resources. (Answer ¶ 2.)

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the due process rights that must be afforded to an inmate in the context of a prison disciplinary hearing that results in the loss of good time credits. The inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary

3

action. Id. at 563–66; see also Superintendent Mass. Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 454 (1985) (discussing Wolff). When an inmate brings a habeas petition to challenge the sufficiency of the evidence underlying a revocation of his good time credits, the requirements of due process are met when "the findings of the prison disciplinary board are supported by some evidence in the record." Hill, 472 U.S. at 454. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990).

The record of Petitioner's May 31, 2016 prison disciplinary hearing provides the following "summary of all information, evidence, or statements developed at the hearing relating to guilt or innocence:"

> Waiver and appeal option explained to inmate. Inmate Cannon pled not guilty to the offense A12. Inmate acknowledged the receipt and reading of his rights. All statements and the investigating officer's report was [sic] read during the hearing. Inmate did not request written statements, live witnesses, physical evidence or staff assistance. A summary is on 05-17-16 at 1317 hours, Officer Blayde reviewed the Great Lakes drug results for inmate Cannon and verified inmate Cannon tested positive for K2 synthetic marijuana and a copy of the lab results are attached to this package and was reviewed by this DHO and does support the charge. Inmate made a written statement during the investigation stating no statement at this time. Inmate made a verbal statement during the investigation that his rights were violated since he did not sign his rights until the 26th of May and the offense date was the 17th of May. He states that Lt. Riddle did not get him to sign an extension and per policy he was has [sic] to sign the extension form. Inmate never spoke information relative to the positive drug test. Inmate told me to do the right thing and dismiss the charge and don't make him have to write director about this. Based on the reporting party's statement and the investigating officer's report, a finding of guilty is entered for the offense A12. Punishment imposed to deter future acts of this nature. Disciplinary history and the seriousness of the offense was considered. Appeal rights explained to inmate by this DHO, appeal form provided to inmate by this DHO.

(R. of Hr'g 10, Doc. No. 10-3.) Petitioner has not provided any factual evidence that contradicts or calls into question the material facts as they are stated in the above-quoted summary. Moreover, the drug screen results cited in the summary show that Petitioner's urine sample tested positive for K2 "Synthetic Cannabinoids." (Lab. Rpt. 18-20, Doc. No. 10-3.)

In short, Petitioner has failed to demonstrate there is a genuine dispute as to any material fact. His claims that his due process rights were violated because he was not allowed to present evidence or say anything at the disciplinary hearing are wholly lacking in evidentiary support, as is the claim that there was no evidence in the record that could have supported the conclusion reached by the DHO. Accordingly, his claims fail, and Respondent is entitled to summary judgment in this action.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

2) Respondent's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 21, 2017

Frank D. Whitney
Chief United States District Judge